******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MICHELLE WOODFORD *v.* HRG MANAGEMENT, LLC, ET AL.
## (AC 47708)

Suarez, Seeley and Wilson, Js.

*Syllabus*

The plaintiff, who had been employed as a server and hostess at restaurants owned and operated by the defendants, appealed from the trial court's judgment granting the defendants' motion to strike her putative class action complaint. The plaintiff claimed, inter alia, that the defendants had improperly deducted tip credits from her earnings and paid her and other similarly situated employees less than the minimum wage for the performance of nonservice work under the applicable wage regulations (§ 31-62-E3 et seq.) in effect in 2015. *Held*:

The trial court properly granted the defendants' motion to strike the plaintiff's complaint, as this court had twice previously determined that there was no private cause of action pursuant to statute (§ 31-68 (a)) for violations of the recordkeeping requirements in § 31-62-E3 of the 2015 regulations, the complaint was legally insufficient as it was not premised on the applicable wage regulation (§ 31-60-2), as required under the legislature's amendment (P.A. 22-134) to the statute (§ 31-60) governing actions for violations of wage laws, P.A. 22-134 did not retroactively take away the plaintiff's cause of action, the application of P.A. 22-134 to the plaintiff's claims did not violate due process, and, because this court's decision in the companion case of *Farias* v. *Rodriguez* (238 Conn. App. 287) thoroughly resolved the plaintiff's claims, this court adopted the reasoning and conclusions in that decision.

Argued November 13, 2025—officially released March 31, 2026

*Procedural History*

Action to recover damages for the defendants' alleged violations of minimum wage laws and regulations, and for other relief, brought to the Superior Court in the judicial district of Hartford and transferred to the Complex Litigation Docket, where the court, *Noble, J.*, granted the defendants' motion to strike, and the plaintiff appealed to this court; thereafter, the court, *Noble, J.*, granted the plaintiff's motion for judgment, and the plaintiff filed an amended appeal; subsequently, this court dismissed the plaintiff's original appeal. *Affirmed*.

*Richard E. Hayber*, for the appellant (plaintiff).

*James T. Shearin*, with whom were *Dana M. Hrelic* and, on the brief, *Ryan A. O'Donnell*, for the appellees (defendants).

*Opinion*

SUAREZ, J. This appeal is a companion case to *Farias* v. *Rodriguez*, 238 Conn. App. 287,    A.3d    (2026), which we also decide today. The plaintiff, Michelle Woodford, brought this putative class action[1] complaint, individually and on behalf of others who were similarly situated as employees of Wood-n-Tap restaurants (Wood-n-Tap), alleging violations of Connecticut wage laws and regulations. See General Statutes § 31-60;[2] see also Regs., Conn. State Agencies § 31-62-E1 et seq. (2015) (repealed September 24, 2020).[3] Specifically, the plaintiff alleged

[1] Prior to certification as a class pursuant to Practice Book § 9-9, a complaint alleging claims on behalf of a class is commonly referred to as a "putative" class action. See, e.g., *Del Rio* v. *Amazon.com Services, Inc.*, 354 Conn. 151, 152, 349 A.3d 570 (2026).

[2] General Statutes § 31-60 provides in relevant part: "(b) The Labor Commissioner shall adopt such regulations, in accordance with the provisions of chapter 54, as may be appropriate to carry out the purposes of this part. Such regulations . . . shall recognize, as part of the minimum fair wage, gratuities in an amount (1) equal to twenty-nine and three-tenths per cent, and . . . effective January 1, 2015, and ending on June 30, 2019, equal to thirty-six and eight-tenths per cent of the minimum fair wage per hour for persons, other than bartenders, who are employed in the hotel and restaurant industry, including a hotel restaurant, who customarily and regularly receive gratuities . . . .

"(d) . . . (4) Notwithstanding any other law or regulation, any claim brought under this subsection, section 31-68 as it relates to gratuities as part of the minimum wage or section 31-62-E3 of the regulations of Connecticut state agencies filed after September 24, 2022, shall be adjudicated, solely, under section 31-60-2 of the regulations of Connecticut state agencies effective on September 24, 2020, and any amendments thereto. . . ."

[3] The plaintiff's complaint alleges violations of only §§ 31-62-E3 (old E3) and 31-62-E4 (old E4) of the 2015 Regulations of Connecticut State Agencies. Following the practice of the parties and the trial court, we refer to the plaintiff's claims in counts one and two of her operative complaint as alleging violations of "old E3" and "old E4," respectively.

that the defendants[4] violated (1) § 31-62-E3[5] (old E3) of the 2015 Regulations of Connecticut State Agencies (2015 regulations) by, inter alia, failing to properly record the amount claimed as a percentage of the minimum fair wage (tip credit)[6] they would otherwise be required to pay with respect to each server, and (2) § 31-62-E4[7] (old E4) of the 2015 regulations by improperly deducting a tip credit from her earnings and paying her and other similarly situated employees less than the

[4] The plaintiff named HRG Management, LLC; Michael Hamlin; Phillip Barnett; WNT, LLC; WNT IV, LLC; WNT V, LLC; WNT VI, LLC; WNT VII, LLC; WNT Hamden, LLC; WNT Farmington, LLC; WNT Newington, LLC; and 410 Queen Street, Southington Partners, LLC, as defendants in this action. It is not disputed that these defendants share identical interests in this appeal. For convenience, we refer to all defendants collectively as the defendants and to the corporate defendants collectively as the defendant entities. We refer to Hamlin and Barnett collectively as the individual defendants.

[5] Section 31-62-E3 of the 2015 Regulations of Connecticut State Agencies (repealed September 24, 2020)) provided in relevant part: "Gratuities shall be recognized as constituting a part of the minimum fair wage when all of the following provisions are complied with . . . (b) the amount received in gratuities claimed as credit for part of the minimum fair wage shall be recorded on a weekly basis as a separate item in the wage record even though payment is made more frequently, and (c) each employer claiming credit for gratuities as part of the minimum fair wage paid to any employee shall obtain weekly a statement signed by the employee attesting that he has received in gratuities the amount claimed as credit for part of the minimum fair wage. Such statement shall contain the week ending date of the payroll week for which credit is claimed. . . ."

[6] "A tip credit allows employers [to] take a credit for tips received by a tipped employee for up to a stated percentage or portion of the minimum wage. J. Lockhart, Annot., Tips as Wages for Purposes of Federal Fair Labor Standards Act, 46 A.L.R. Fed. 2d 23, 40, § 2 (2010)." (Internal quotation marks omitted.) *Rodriguez* v. *Kaiaffa*, *LLC*, 337 Conn. 248, 259 n.11, 253 A.3d 13 (2020).

[7] Section 31-62-E4 of the 2015 Regulations of Connecticut State Agencies, which was repealed effective September 24, 2020, provided: "If an employee performs both service and non-service duties, and the time spent on each is definitely segregated and so recorded, the allowance for gratuities as permitted as part of the minimum fair wage may be applied to the hours worked in the service category. If an employee performs both service and non-service duties and the time spent on each cannot be definitely segregated and so recorded, or is not definitely segregated and so recorded, no allowances for gratuities may be applied as part of the minimum fair wage."

minimum wage for the performance of "nonservice" work.[8] The plaintiff appeals from the judgment of the trial court rendered in favor of the defendants following its granting of the defendants' motion to strike. The issues presented in this appeal are identical to those presented in *Farias*. For the reasons stated in *Farias*, we conclude that the trial court correctly determined that (1) General Statutes § 31-68[9] does not provide a private cause of action for a recordkeeping violation under old E3 of the 2015 regulations, (2) No. 22-134 of the 2022 Public Acts (P.A. 22-134)[10] did not retro-

[8] Effective September 24, 2020, §§ 31-60-2 and 31-62-E3 of the Regulations of Connecticut State Agencies (regulations) were each amended to provide in relevant part that "the amount received in gratuities claimed as credit for part of the minimum fair wage shall be recorded on a daily, weekly, or bi-weekly basis in a wage record, even though payment is made more frequently . . . ." See Regs., Conn. State Agencies §§ 31-60-2 (2) and 31-62-E3 (b).

Also effective September 24, 2020, § 31-62-E3a of the Regulations of Connecticut State Agencies was added. Section 31-62-E3a of the regulations changed an employer's obligation to segregate an employee's time for nonservice duties to provide that such time must be segregated only when a service employee performs nonservice employee duties for "two hours or more," or "[f]or more than 20 percent of the service employee's shift, whichever is less . . . ." Regs., Conn. State Agencies § 31-62-E3a (a) (1) and (2).

The plaintiff does not dispute that she has not alleged any violations of the 2020 version of E3 contained in the regulations (new E3), or "new E4," the latter of which is now codified at § 31-62-E3a of the regulations. See footnote 3 of this opinion.

[9] General Statutes § 31-68 (a) (1) provides: "If any employee is paid by his or her employer less than the minimum fair wage or overtime wage to which he or she is entitled under sections 31-58, 31-59 and 31-60 or by virtue of a minimum fair wage order he or she shall recover, in a civil action, (A) twice the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court, or (B) if the employer establishes that the employer had a good faith belief that the underpayment of such wages was in compliance with the law, the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court."

[10] In May, 2022, the legislature enacted P.A. 22-134, titled, "An Act Concerning Employee Record Keeping," which includes the provision relevant to this appeal. Public Act 22-134 amended § 31-60 (d) by adding subdivision (4), which provides: "Notwithstanding any other law or regulation, any claim brought under this subsection, section 31-68 as it

actively take away the plaintiff's cause of action under the Connecticut Minimum Wage Act (minimum wage act), General Statutes § 31-58 et seq., and (3) applying P.A. 22-134 to the plaintiff's claims did not violate due process.[11] We therefore affirm the judgment of the court.

relates to gratuities as part of the minimum wage or section 31-62-E3 of the regulations of Connecticut state agencies filed after September 24, 2022, shall be adjudicated, solely, under section 31-60-2 of the regulations of Connecticut state agencies effective on September 24, 2020, and any amendments thereto."

[11] The plaintiff also claims that the trial court incorrectly concluded that (1) her "follow-on" class action does not relate back to the filing of four prior putative class actions brought against the defendants, even though those cases did not result in the denial of class certification, and (2) Governor Ned Lamont's Executive Order No. 7G expired on March 1, 2021, by operation of Governor Lamont's Executive Order No. 10A, rather than on May 20, 2021. See *Gilbert* v. *HRG Management, LLC*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. X07-CV-21-6142902-S; *Scott* v. *HRG Management, LLC*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. X07-CV-21-6137212-S; *Violette* v. *HRG Management, LLC*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. X03-CV-20-6128792-S; and *White* v. *HRG Management, LLC*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. CV-22-6153461-S.

In her tolling claims, the plaintiff asserts that the United States Supreme Court's decision in *American Pipe & Construction Co.* v. *Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974), which was adopted by our Supreme Court in *Grimes* v. *Housing Authority*, 242 Conn. 236, 244, 698 A.2d 302 (1997), together with Governor Lamont's executive orders, tolled the applicable two year statute of limitations in General Statutes § 52-596.

We need not address these claims, however, in light of our dispositive conclusion that § 31-60 (d) (4) applies to the plaintiff's claims and that the plaintiff did not comply with its requirements. See General Statutes § 31-60 (d) (4) ("any claim brought under this subsection, section 31-68 as it relates to gratuities as part of the minimum wage or section 31-62-E3 of the regulations of Connecticut state agencies filed after September 24, 2022, shall be adjudicated, solely, under section 31-60-2 of the regulations of Connecticut state agencies effective on September 24, 2020, and any amendments thereto"). Thus, even if we were to agree with the plaintiff's tolling claims, the plaintiff still would not prevail because, pursuant to § 31-60 (d) (4), any claims filed after September 24, 2022, must be adjudicated solely under § 31-60-2 of the regulations, and, in the present case, the plaintiff alleged violations of only old E3 and old E4.

The following facts, as alleged in the plaintiff's amended complaint,[12] and procedural history are relevant to our resolution of this appeal, which presents similar issues to those presented in *Farias*. The plaintiff was employed by Wood-n-Tap, primarily at its Orange and Hamden locations, from approximately September 17, 2018, until approximately May, 2022, as a server and hostess. The plaintiff alleged that the individual defendants are co-owners of all Wood-n-Tap restaurants in Connecticut and that the defendant entities operate several Wood-n-Tap locations in Connecticut. The plaintiff further alleged that the defendants function as a single, integrated enterprise and collectively have the status of a single employer of the plaintiff pursuant to Connecticut wage laws. At all relevant times, the defendants maintained a common practice at all of their Wood-n-Tap Connecticut restaurants to take the full tip credit against the wages of their servers and bartenders. Accordingly, the defendants paid their servers $6.38 per hour, and their bartenders $8.23 per hour, rather than the full minimum wage.[13] The defendants assigned the plaintiff, and other similarly situated servers and bartenders, "nonservice duties," which included setting up before the restaurant is opened to the public, and "side work" that they were required to perform during their serving shifts and after they had finished their shifts. This side work included, but was not limited to, general cleaning and stocking duties, sweeping the kitchen line and common areas of the restaurant, taking garbage out to a dumpster, wiping the kitchen line and various stations, retrieving clean silverware from the dish room, rolling silverware, replacing ice underneath

[12] "For purposes of reviewing a motion to strike, we take the facts alleged in the complaint as true." (Internal quotation marks omitted.) *Ferrua* v. *Napoli Foods, Inc.*, 237 Conn. App. 23, 25 n.5, 349 A.3d 620 (2025), petition for cert. filed (Conn. March 6, 2026) (No. 250349).

[13] During the alleged claim period of April 2, 2018, until September 23, 2020, a "minimum fair wage" was defined in § 31-58 (i) (1) as not less than $10.10 per hour effective January 1, 2017; as not less than $11 per hour effective October 1, 2019; and as not less than $12 per hour effective September 1, 2020.

the dressings on the kitchen line, and cleaning out and refilling whipped cream dispensers. The side work tasks related to the operation of the restaurant generally and were not performed by servers specifically for their own customers.

On October 20, 2022, the plaintiff commenced the present putative class action against the defendants, on behalf of herself and other Wood-n-Tap servers and bartenders employed during the alleged class period, for violations of Connecticut wage laws and regulations.[14] The plaintiff's operative amended complaint, filed on January 24, 2023, contains two counts. In count one, the plaintiff alleged that the defendants violated old E3 by failing to record properly the amount claimed as credit in the wage record for her and other servers on a weekly basis, and by failing to obtain "tip statements" on a weekly basis confirming that the plaintiff received sufficient tips to satisfy the tip credit that the defendants took each week. In the second count, the plaintiff alleged that the defendants violated old E4 by failing to segregate her and other similarly situated servers' service and nonservice duties. The plaintiff alleged an applicable claim period for her class action claims[15] under old E3 and old E4 from April 2, 2018, until September 23, 2020.

In February, 2023, the defendants filed a motion to strike both counts of the plaintiff's complaint pursuant

---

[14] As noted previously, the present case is the fifth putative class action brought against the defendants on behalf of servers and bartenders asserting substantially similar class wide violations pursuant to old E3 and old E4. See footnote 11 of this opinion. Each of those prior actions was withdrawn after the parties reached a settlement, with the exception of *Violette* v. *HRG Management, LLC*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. CV-20-6128792-S, which was dismissed for failure to prosecute. At the time each prior action was withdrawn or dismissed, a motion for class certification pursuant to Practice Book §§ 9-7 and 9-8 had neither been filed nor ruled on by the court.

[15] It is not disputed that the plaintiff did not allege any individual claims in her complaint but, rather, alleged only putative class action claims.

to Practice Book § 10-39,[16] together with an accompanying memorandum of law. The defendants contended, first, that the complaint failed to state a claim on which relief could be granted for violations of old E3 and old E4. Second, the defendants asserted that the plaintiff's claims were barred by the two year statutory limitation period set forth in General Statutes § 52-596.[17] Finally, the defendants argued that the plaintiff's old E3 claims should be stricken because the minimum wage act, as amended by P.A. 22-134, did not provide a private right of action with respect to those claims.

On March 24, 2023, the plaintiff filed a memorandum of law in opposition to the motion to strike, along with exhibits, including, inter alia, relevant legislative history and certain of Governor Lamont's executive orders, which were issued during the COVID-19 pandemic. The plaintiff argued, inter alia, that P.A. 22-134 should not be construed to retroactively change old E3 and old E4, and that doing so would constitute a taking of the class' vested property interest in its members' causes of action in violation of their due process rights. As to whether old E3 conferred a private right of action, the plaintiff asserted that the court should defer ruling on that issue because, at that time, this court's decision in *Nettleton* v. *C & L Diners, LLC*, 219 Conn. App. 648, 296 A.3d 173 (2023), had, as of the time of the plaintiff's briefing before the trial court, not yet been released.[18] On April 10, 2023, the defendants filed a reply. On June 6, 2023,

---

[16] Practice Book § 10-39 provides in relevant part: "(a) A motion to strike shall be used whenever any party wishes to contest: (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . ."

[17] General Statutes § 52-596 provides in relevant part: "No action for the payment of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues . . . ."

[18] In *Nettleton* v. *C & L Diners, LLC*, supra, 219 Conn. App. 653, one of the issues presented was whether § 31-68 (a) provides a private cause of action for a recordkeeping violation under old E3.

before oral argument on the defendants' motion to strike, *Nettleton* was released by this court. See id.

On June 26, 2023, the parties appeared before the court, *Noble, J.*, for oral argument.[19] On January 2, 2024, the court issued a memorandum of decision, in which it granted the defendants' motion to strike. As to count one, alleging violations of old E3, the court concluded that it was bound by this court's decision in *Nettleton* v. *C & L Diners, LLC*, supra, 219 Conn. App. 678, which held that "the recordkeeping requirements in § 31-62-E3 (b) and (c) of the regulations are directory and, therefore, that the defendant's noncompliance with those requirements does not invalidate the tip credit and does not give rise to a private cause of action."

As to count two, alleging violations of old E4, the trial court agreed with the defendants that the plaintiff's complaint was legally insufficient. The court noted its prior conclusion in *Farias* v. *Rodriguez*, Docket No. X07-CV-22-6163464-S, 2023 WL 9054493 (Conn. Super. December 29, 2023), aff'd, 238 Conn. App. 287,    A.3d    (2026), that the complaint in that action was legally insufficient in light of the court's determination that "§ 31-60 (d) (4) mandates that all actions filed after September 24, 2022, are to be adjudicated solely under § 31-60-2 of the regulations . . . effective on September 24, 2020 . . . ." The court also rejected the plaintiff's argument that the application of P.A. 22-134 constituted a taking of her vested property interest in violation of due process.

On January 3, 2024, the plaintiff filed a motion to reargue, to which the defendants objected. The court

---

[19]The defendants argue that the plaintiff's claim is unpreserved for review by this court because the plaintiff did not raise the applicability of *Nettleton* v. *C & L Diners, LLC*, supra, 219 Conn. App. 648, to the present case before the trial court. At the time the plaintiff filed her opposition to the defendants' motion to strike, however, this court's decision in *Nettleton* had not yet been released. Furthermore, *Nettleton* was discussed by the parties' counsel at oral argument on the motion to strike. Therefore, we conclude that the plaintiff's claim was properly preserved.

denied the motion to reargue, and the plaintiff appealed to this court. Thereafter, the court granted the plaintiff's motion for judgment on June 27, 2024, and the plaintiff filed an amended appeal.[20]

As stated previously in this opinion, the issues raised by the parties and the merits of the underlying arguments presented in this appeal are essentially identical to those considered in the companion case to the present appeal, which we also decide today. See *Farias* v. *Rodriguez*, supra, 238 Conn. App. 287. In *Farias*, we first concluded that § 31-68 does not provide a private cause of action for a recordkeeping violation under old E3. See id., 299. Second, we rejected the plaintiff's claim that the application of § 31-60 (d) (4) impermissibly took away the plaintiff's substantive cause of action under the minimum wage act. See id., 308–309. Finally, we determined that, even if we assume arguendo that P.A. 22-134 was retroactive as applied, such retroactive application did not violate due process. See id., 310. We reach the same conclusions in the present case.

Our conclusions with respect to the issues presented in *Farias* thoroughly resolve the claims in the present appeal, and there is nothing in this case that would mandate a result different from that which we reached in *Farias*. See generally id., 299, 308–309, 310. We therefore adopt the reasoning and conclusions of that decision herein. See, e.g., *State* v. *Drakes*, 321 Conn. 857, 864, 146 A.3d 21, cert. denied, 580 U.S. 927, 137 S. Ct. 321, 196 L. Ed. 2d 234 (2016); *Minnesota Methane, LLC* v. *Dept. of Public Utility Control*, 283 Conn. 700, 712, 931 A.2d 177 (2007). Accordingly, we conclude that the trial court properly granted the defendants' motion to strike.

The judgment is affirmed.

In this opinion the other judges concurred.

[20] On July 8, 2024, the defendants filed a motion to dismiss the plaintiff's June 10, 2024 appeal on the ground that it was untimely. This court denied the defendants' motion and ordered, sua sponte, that "the original appeal filed June 10, 2024, is dismissed for lack of a final judgment. The amended appeal may proceed."